Sunderland v. Bell.

## HARRIET SUNDERLAND v. NAOMI S. BELL.

NOTE—*Failure of Consideration, Not Total.*    The purchaser of town lots, receiving a warranty deed therefor from one having no title, and taking possession of said lots, and retaining possession, and not ousted by any superior title, received some consideration for a note and mortgage given on said lots to the grantor to secure a deferred payment; and there is not a total failure of consideration for said note.

*Error from Greenwood District Court.*

THE opinion states the case.    Judgment for plaintiff, *Bell,* at the September Term, 1886.    The defendant, *Sunderland,* brings the case here.

*R. P. Kelley,* for plaintiff in error.

*E. B. Peyton & Son,* for defendant in error.

Opinion by SIMPSON, C.:    Action on a note, and to foreclose a mortgage.    The defense was want of consideration. The material facts are, that at a time when the legal title to certain lots in Bell's addition to the city of Severy was shown by the record to be in the defendant in error, Harriet Sunderland, the plaintiff in error, bought the lots from Mrs. Bell,

taking a warranty deed for the same, paying fifty dollars cash, and executing her note secured by a mortgage on the lots for the balance. At the time of the purchase, an action was pending in the district court of Greenwood county, wherein one Price was claiming that he was entitled to a one-third interest in the whole addition, and, by an agreement with the Bells, that he was the owner of these particular lots. He had fenced them and planted shade trees, and exercised some other acts of ownership. Before Mrs. Sunderland bought the lots of Mrs. Bell, she had leased them from Price. There is a special finding that the plaintiff in error had actual notice, not only of the pendency of the Price suit, but that she knew in a general way the particular claim that Price had made to an interest in the addition, and that she bought with such notice and knowledge. There is also some evidence tending to show that at the time of the purchase, Mrs. Sunderland said that she knew all about the claim of Price; that it did not amount to anything; and that she was satisfied with a warranty deed from Mrs. Bell. There is also a special finding that Mrs· Sunderland, ever since the purchase, has been in the continuous possession of the lots, and that she is now in possession. The action in the district court of Greenwood county was, subsequent to the purchase, decided in favor of Price, and he was adjudged to be the owner of the lots. The only defense pleaded to the note and mortgage was, want of consideration. Damages for the breach of the covenants of seizin in the deed of Mrs. Bell were not claimed in the action. On this state of the pleadings, and in view of the facts proved on the trial, the court rendered a personal judgment against Mrs. Sunderland for the amount of the note with interest, but did not render a decree for foreclosure.

A motion for a new trial was filed, which we suppose, from the general statement of it, was based upon all the statutory grounds, and it was overruled. The motion is not given in the record, and we are left to search the whole of it to see whether or not there is discernible error in overruling an indiscernible motion; but there is no error that is so prejudicial

as to justify reversal. In the strict legal view the judgment is right, and must be affirmed. Under the circumstances of this particular case, there was some consideration for the note and mortgage. Of course there was a failure of title, but there has been no eviction, and continued possession is some consideration. This is not a case in which there is a total failure of consideration. It is said in the brief of counsel for plaintiff in error, that she can recover for the breach of the covenants; but the trouble is that she has not asked any affirmative relief in the answer.

It is recommended that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.